McKinney, J.,
delivered the opinion of the Court.
This case was before us at the last term, and was remande for a new trial. We refer to the opinion then delivered for a statement of the material facts of the case, which are no materially changed by any thing in the present record.
After the case was remanded, there was another trial, an the jury again found for the defendant. From all that ap *46 pears in tbe record before ns, tbis was certainly a strange and inexplicable result.
The question, whether the plaintiff, with knowledge of her rights, received back the slave into her possession, intending thereby deliberately to waive the technical conversion, cannot, upon this record, be satisfactorily answered in the affirmative, in our judgmerit. But, if it were to be conceded, that under our practice, this question is concluded by the verdict; still, the further question remains, can the verdict, as respects the counts in case, be supported upon the facts found? We unhesitatingly say, that it cannot. Upon the latter counts, a clear ease for a recovery is made out.' It is well settled, in our local jurisprudence, that -between the owner and hirer of a slave, there is a personal trust and confidence reposed, and a contract implied by law, which forbids the hirer to transfer the possession or services of the slave to a third person, without the owner’s consent. For a violation of this implied obligation, the owner may, in general, maintain either trover or case, at his election. The simple violation of’ this implied contract, irrespective of the consequences, constitutes, of itself, a sufficient ground of action. It is a conversion, in law7, and entitles the owner, in an action of trover, to recover the value of the slave; and, in an action on the case, to damages commensurate with the injury.
In this view, the plaintiff had a well established right of action, in case, to recover some amount of damages for the mere violation of the implied contract, even if no injury had befallen the slave, in consequence thereof, and he had been returned to the plaintiff, at the end of the year, without diminution of value.
But, upon the facts of this case, the plaintiff’s right of recovery cannot be restricted to damages for the mere breach of the implied obligation not to sub-hire the slave, without the owner’s consent. There are circumstances of serious aggravation in the case, The defendant was substantially informed, at the time he hired the slave, that the. plaintiff would not allow him to be hired.'to the. Messrs.. Cowan, on. account of the *47 nature of the employment, though higher wages could he obtained from them than were asked from the defendant; and notwithstanding this, the defendant, after retaining the slave some two months, hired him to the Messrs. Cowan, for the remaining ten months, and for a sum nearly equal to the amount which, by his contract, he was to pay the plaintiff for the entire year’s services of the slave. And the slave, instead of rendering house service, was put to labor out of doors, exposed to the sun, in midsummer; and other exposures incident to a brick-yard; and when taken ill with a dangerous disease, no physician was called in until the fifth day after the attack. This presents a case of a wilful and aggravated violation of the rights of the plaintiff, and of a reckless disregard of duty on the part of the defendant, for which a jury would be warranted in giving the highest measure of damages. And as the slave was lost to the plaintiff, while in the possession of the sub-hirer, the lowest measure of damages should be the value of the slave, upon which interest, by way of damages, might be allowed by the jury.
The jury were not fully or correctly instructed in respect to the plaintiff’s right of recovery on the counts in case ; and the verdict, on these counts, is without the shadow of evidence to support it.
The judgment, therefore,, will be reversed, and the case be remanded for a new trial, upon all the counts of the declaration.